UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 11-10169 |
| | ) | Chapter 13 |
| HERMAN EUGENE PAULSON | ) | |
| dba Heartland Organic Foods | ) | ORDER DENYING DEBTOR'S |
| SSN/ITIN xxx-xx-9472 | ) | MOTION FOR NEW TRIAL OR |
| | ) | AMENDMENT OF JUDGMENT |
| Debtor. | ) | |

Upon consideration of Debtor Herman Eugene Paulson's Motion for New Trial or Amendment of Judgment (doc. 128), which the Court is treating as timely filed though it was filed before the Court entered its Order Dismissing Case (doc. 131), *see Borrero v. City of Chicago*, 456 F.3d 698 (7th Cir. 2006); *Sanders v. Clemco Industries*, 862 F.2d 161, 168 n.12 (8th Cir. 1988); *Lewis v. United States Postal Service*, 840 F.2d 712 (9th Cir. 1988), Peoples State Bank's response (doc. 137), Trustee Dale A. Wein's response (doc. 139), Sunflour Railroad, Inc.'s response (doc. 140), and the record before the Court; and

   IT APPEARING:

   A.   The "pre-hearing or get together of the parties" referenced by Debtor in numbered paragraph 2 of his Motion for New Trial or Amendment of Judgment was a meeting the Court directed the parties to hold, as set forth in the Order Setting Evidentiary Hearing on Trustee Wein's Motion to Dismiss, Rescheduling Confirmation Hearing on Debtor's Modified Plan Dated January 18, 2012, and Setting Certain Deadlines (doc. 108) ("scheduling order").  Debtor received that scheduling order.  As set forth in the scheduling order, the purpose of the meeting was for the parties to discuss exhibits to be offered at the evidentiary hearing on March 7, 2012 and to decide which exhibits could be offered jointly and which exhibits could be offered without foundation.  Based on Debtor's and the attorneys for the opposing parties' statements at the March 7, 2012 hearing, no meeting was held.  Thus, Debtor, the trustees, and the two creditors all failed to comply with that provision of the scheduling order;

   B.   Regarding numbered paragraph 3 of Debtor's Motion for New Trial or Amendment of Judgment, Debtor correctly assumed the hearing was only on Trustee Wein's Motion to Dismiss Case (doc. 69);

   C.   Regarding numbered paragraph 4 of Debtor's Motion for New Trial or

    Amendment of Judgment, Debtor is correct that Assistant United States Trustee Bruce J. Gering appeared for Trustee Wein at the March 7, 2012 hearing because Trustee Wein was unavailable, but Debtor has not set forth any law indicating his appearance was unlawful or in any way affected the Court's decision;

D. Regarding numbered paragraph 5 of Debtor's Motion for New Trial or Amendment of Judgment, the Court's oral findings and conclusions on March 7, 2012 regarding its decision to dismiss the case were entered in compliance with Federal Rules of Bankruptcy Procedure 7052 and 9014. Further, the Court's oral findings and conclusions were based only on Trustee Wein's Motion to Dismiss Case, the two joinders in the motion, Debtor's response to the motion, the arguments made on March 7, 2012, and the record of the case as it existed on March 7, 2012. The Court purposely did not base its ruling on the additional grounds for dismissal that were raised by Assistant United States Trustee Gering at the March 7, 2012 hearing so as to avoid any due process concerns;

E. Regarding numbered paragraph 6 of Debtor's Motion for New Trial or Amendment of Judgment, Debtor is correct that none of the parties presented any exhibits on or before March 7, 2012. The Court had only the official case file, the pleadings, and the arguments made that day on which to base its findings and conclusions;

F. Regarding numbered paragraph 7 of Debtor's Motion for New Trial or Amendment of Judgment, according to the official docket and also to the Court's knowledge, nothing "transpired with the motion since its entry on the docket" except the entry of the order scheduling the March 7, 2012 hearing;

G. Regarding numbered paragraph 8 of Debtor's Motion for New Trial or Amendment of Judgment, the Court, at the hearing on March 7, 2012, fully took into consideration both Debtor's written response (doc. 70) to Trustee Wein's Motion to Dismiss Case and Debtor's oral arguments that day;

H. Regarding numbered paragraph 9 of Debtor's Motion for New Trial or Amendment of Judgment, the Court reviewed the electronic recording of the March 7, 2012 hearing. At no time during the hearing did Debtor advise the Court or its staff he was having difficulty hearing what was being said. Assistant United States Trustee Gering's voice on the recording, though softer than others' voices, is audible;

I. Regarding numbered paragraphs 10, 12, and 13 and the first paragraph

numbered 17 of Debtor's Motion for New Trial or Amendment of Judgment, the Court did not dismiss the case on Assistant United States Trustee Gering's argument Debtor was ineligible for relief under chapter 13 of title 11 of the United States Code or base its decision exclusively on *Tenney v. Terry* (*In re Terry*), 630 F.2d 634 (8th Cir. 1980). The Court also did not conclude a sale of assets could never be part of a chapter 13 plan, as was discussed in *In re Lindsey*, 183 B.R. 624 (Bankr. D. Idaho 1995). Instead, the Court concluded dismissal was warranted because Debtor did not have the ability to get a feasible plan confirmed, Debtor's proposed plans lacked clarity, there has been undue delay in the administration of the case, and Debtor has continually failed to recognize in his proposed plans that a certain claim against him is secured;

J. Regarding numbered paragraph 11 of Debtor's Motion for New Trial or Amendment of Judgment, the March 7, 2012 hearing was set so Debtor could present evidence and make any argument in support of his response to Trustee Wein's Motion to Dismiss Case, including any evidence regarding Debtor's ability to fund a plan. As found by the Court at the hearing, based on Debtor's admissions, Debtor and his wife's present income is not sufficient to meet his and his wife's current expenses and fund a chapter 13 plan because they have been relying on a small inheritance to meet their living expenses and that inheritance is now fully dissipated;

K. Regarding numbered paragraphs 14, 15, and 16 of Debtor's Motion for New Trial or Amendment of Judgment, Debtor failed to offer any evidence that shows unsecured creditors will receive more if his case proceeds under chapter 13 than if it proceeds under chapter 7. The record before the Court showed unsecured creditors would receive nothing under either chapter. The Court did *not* find that Debtor's inability to fund a plan whereby unsecured creditors would receive a meaningful payment was evidence of a lack of good faith. In fact, the Court did not make or enter any findings and conclusions regarding Debtor's good faith or lack thereof;

L. Regarding the first numbered paragraph 18 and numbered paragraph 24 of Debtor's Motion for New Trial or Amendment of Judgment, the Court did not dismiss the case based on any allegations Debtor's petition and his several plans were not filed in good faith;

M. Regarding the second numbered paragraph 17 of Debtor's Motion for New Trial or Amendment of Judgment, Debtor's case was dismissed on its merits and the applicable law, not because of any agreement between Trustee Wein and the other attorneys involved, not because of any agreement among the Court, Trustee Wein, and the other attorneys

      involved, and not as any retaliation by the Court against Debtor; and

N.     Regarding the second numbered paragraph 18 and numbered paragraphs 19, 20, 21, and 22 of Debtor's Motion for New Trial or Amendment of Judgment, this Court does not have jurisdiction to re-try or alter the state court judgments that have already been entered against Debtor. Though Debtor disagrees with the legal principles involved therein, his disagreement does not allow this Court to reach a different conclusion. Moreover, Debtor's allegations in these paragraphs regarding his several adversary proceedings are better addressed within the adversary proceedings; and

IT FURTHER APPEARING Debtor did not identify in his Motion for New Trial or Amendment of Judgment any manifest error of law or misapprehension of fact that lead this Court to erroneously dismiss his case, *American Family Mutual Insurance Co. v. George* (*In re George*), Bankr. No. 07-21574, Adv. No. 08-2002, 2009 WL 116928, *2 (Bankr. W.D. Mo. Jan. 16, 2009) (cites therein); and

IT FURTHER APPEARING Debtor has not shown certain evidence was improperly admitted or other evidence was improperly excluded during the March 7, 2012 evidentiary hearing, *A & L Laboratories, Inc. v. Bou-Matic, LLC*, Civ. 02-4862, 2004 WL 2730099, *2 (D. Minn. Nov. 29, 2004); now, therefore,

IT IS HEREBY ORDERED Debtor's Motion for New Trial or Amendment of Judgment (doc. 128) is denied, and the Order Dismissing Case (doc. 131) shall stand as entered.

So ordered: April 24, 2012.

BY THE COURT:

Charles L. Nail, Jr.
Bankruptcy Judge

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota